UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ISIDRO GONZALEZ,
RALPHAEL MARTINEZ,
BRYAN REMINES,
WILLIE JACKSON,

   Plaintiffs,

v.

KUNARQUEN, LLC, KUNARQUEN RE LLC,
RICARDO GERMAN WALAS, PHILANSULY INC.,
133 LAS PALMAS, LLC, GARAMOR INC.,
PIER 44 CONDOMINIUM ASSOCIATION, INC.,

   Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

  Plaintiffs ISIDRO GONZALEZ, RALPHAEL MARTINEZ, BRYAN REMINES, and WILLIE JACKSON bring this action against Defendants, KUNARQUEN, LLC, KUNARQUEN RE LLC, RICARDO GERMAN WALAS, 133 LAS PALMAS, LLC,[1] GARAMOR INC., PHILANSULY INC.,[2] and PIER 44 CONDOMINIUM ASSOCIATION, INC.[3] pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

---

[1] Claims against 133 LAS PALMAS, LLC are brought solely by Plaintiffs ISIDRO GONZALEZ and RALPHAEL MARTINEZ.
[2] Claims against PHILANSULY INC. are brought solely by Plaintiff ISIDRO GONZALEZ.
[3] Claims against PIER 44 CONDOMINIUM ASSOCIATION, INC. are brought solely by Plaintiffs ISIDRO GONZALEZ, RALPHAEL MARTINEZ, BRYAN REMINES.

2. At all times material hereto, Plaintiffs ISIDRO GONZALEZ, RALPHAEL MARTINEZ, BRYAN REMINES, and WILLIE JACKSON were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff ISIDRO GONZALEZ engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication with Defendant RICARDO GERMAN WALAS while he was outside Florida.

4. At all times material hereto, Defendant, KUNARQUEN, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, KUNARQUEN RE LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, 133 LAS PALMAS, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7. At all times material hereto, Defendant, GARAMOR INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

8. At all times material hereto, Defendant, PHILANSULY INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

9. At all times material hereto, Defendant, PIER 44 CONDOMINIUM ASSOCIATION, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

10. Defendant, RICARDO GERMAN WALAS, is a resident of Broward County, Florida and was, and now is, a manager of Defendants, KUNARQUEN, LLC, KUNARQUEN RE LLC, PHILANSULY INC., 133 LAS PALMAS, LLC, GARAMOR INC., and PIER 44 CONDOMINIUM ASSOCIATION, INC., controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of KUNARQUEN, LLC, KUNARQUEN RE LLC, PHILANSULY INC., 133 LAS PALMAS, LLC, GARAMOR INC., MONTAURO LLC, AND PIER 44 CONDOMINIUM ASSOCIATION, INC. Accordingly, RICARDO GERMAN WALAS was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

11. Defendants KUNARQUEN, LLC, KUNARQUEN RE LLC, PHILANSULY INC., 133 LAS PALMAS, LLC, GARAMOR INC., and PIER 44 CONDOMINIUM ASSOCIATION, INC. and the entities Montauro LLC and Antrosky LLC are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

12. Defendants KUNARQUEN, LLC, KUNARQUEN RE LLC, PHILANSULY INC., 133 LAS PALMAS, LLC, GARAMOR INC., and PIER 44 CONDOMINIUM ASSOCIATION, INC. were joint employers of Plaintiff ISIDRO GONZALEZ under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

13. Defendants KUNARQUEN, LLC, KUNARQUEN RE LLC, 133 LAS PALMAS, LLC, GARAMOR INC., and PIER 44 CONDOMINIUM ASSOCIATION, INC. were joint employers of Plaintiff RALPHAEL MARTINEZ under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

14. Defendants KUNARQUEN, LLC, KUNARQUEN RE LLC, GARAMOR INC., and PIER 44 CONDOMINIUM ASSOCIATION, INC. were joint employers of Plaintiff BRYAN REMINES under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

15. Defendants KUNARQUEN, LLC, KUNARQUEN RE LLC, and GARAMOR INC. were joint employers of Plaintiff WILLIE JACKSON under the Fair Labor Standards Act, shared

Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

16. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

17. Plaintiff ISIDRO GONZALEZ worked for Defendants as a maintenance handyman and general laborer.

18. Plaintiff RALPHAEL MARTINEZ worked for Defendants as a maintenance handyman and general laborer.

19. Plaintiff BRYAN REMINES worked for Defendants as a maintenance handyman and general laborer.

20. Plaintiff WILLIE JACKSON worked for Defendants as a maintenance handyman and general laborer.

21. Defendants failed to pay Plaintiffs' full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rates for hours worked over 40 per week.

22. Defendants failed to pay Plaintiffs' full and proper minimum wages.

23. Attached as Exhibit A, Exhibit B, Exhibit C, and Exhibit D are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

24. Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

25. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

26. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

27. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-26 above as if set forth herein in full.

28. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

29. Plaintiffs seek recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791