**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-CV-62383-Dimitrouleas/Strauss**

ISIDRO GONZALEZ,
RALPHAEL MARTINEZ,
BRYAN REMINES, WILLIE JACKSON,

    Plaintiffs,

v.

KUNARQUEN, LLC, KUNARQUEN RE,
LLC, RICARDO GERMAN WALAS,
PHILANSULY INC., 133 LAS PALMAS,
LLC, GARAMOR INC., PIER 44
CONDOMINIUM ASSOCIATION, INC.,

    Defendants.
_____/

**JOINT PRETRIAL STIPULATION`**

Pursuant to Fed. R. Civ. P. 26(a)(3) and S.D. Fla. L.R. 16.1.E, Plaintiffs, Isidro Gonzalez ("Gonzales"), Ralphael Martinez ("Martinez"), Bryan Remines("Remines"), and Willie Jackson ("Jackson") (hereinafter collectively referred to as "Plaintiffs"), and Defendants, Kunarquen, LLC ("Kunarquen"), Kunarquen Re, LLC ("Kunarquen Re"), Philansuly Inc. ("Philansuly"), 133 Las Palmas, LLC ("Las Palmas"), Garamor Inc. ("Garamor"), Pier 44 Condominium Association, Inc. ("Pier 44"), and Ricardo German Walas ("Walas"), ("hereinafter collectively referred to as Defendants"), by and through their undersigned counsel, hereby submit their joint pretrial stipulation.

1.     **JOINT STATEMENT OF THE CASE:**

Plaintiffs bring their claims against Defendants under the Fair Labor and Standards Act (FLSA) for unpaid minimum and overtime wages. Defendants deny Plaintiffs are owed any unpaid minimum and overtime wages and assert Plaintiffs were properly paid for all hours Plaintiffs

1

worked. Defendants assert Plaintiffs were independent contractors at all times material hereto to whom the provisions of the FLSA would not apply. Additionally, Defendants assert none of their actions were willful under the FLSA and all actions were taken in good faith. Finally, the individual Defendant contests individual liability.

2. **BASIS OF FEDERAL JURISDICTION**

   This Court has federal question jurisdiction under 28 U.S.C § 1331.

3. **PLEADINGS RAISING THE ISSUES**

   A. Plaintiffs' Complaint (ECF No. 1), filed on November 22, 2020.

   B. Defendants' Answer and Affirmative Defenses to Complaint (ECF No. 19), filed on March 1, 2021.

4. **UNDISPOSED MOTIONS REQUIRING ACTION BY THE COURT**

   None.

5. **CONCISE STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL**

   A. Plaintiffs worked as maintenance handymen and general laborers.

   B. Kunarquen, Kunarquen Re, Philansuly, Pier 44, Garamor, and Las Palmas individually generated more than $500,000 in gross revenue in the years 2019 and 2020.

   C. Walas was responsible for paying Plaintiffs' wages.

   D. Walas approved the payroll for Kunarquen, Kunarquen Re, Philansuly, Las Palmas, and Garamor during the relevant time periods.

   E. Walas had hiring and firing authority over Plaintiffs.

   F. Walas had hiring and firing authority over all employees of Kunarquen, Kunarquen Re, Philansuly, Las Palmas, and Garamor during the relevant time periods.

    G.    Walas managed the operations of Kunarquen, Kunarquen Re, Philansuly, Las Palmas, and Garamor during the relevant time perods.

6.    **ISSUE OF FACT WHICH REQUIRE PROOF AT TRIAL**

<u>Plaintiffs' Statement</u>

    A.    Whether Ricardo German Walas was Plaintiffs' "employer" as that term is defined by the FLSA.

    B.    Whether Defendants failed to pay Plaintiffs' full and proper minimum wages as required by the FLSA.

    C.    Whether Defendants failed to pay Plaintiffs' full and proper overtime wages as required by the FLSA.

    D.    Whether Kunarquen, Kunarquen Re, Philansuly, Las Palmas, Garamor, Pier 44, Montauro LLC, and Antrosky LLC are a single enterprise under the FLSA.

    E.    Whether Kunarquen, Kunarquen Re, Philansuly, Las Palmas, Garamor, and Pier 44 were joint employers of Gonzalez.

    F.    Whether Kunarquen, Kunarquen Re, Las Palmas, Garamor, and Pier 44 were joint employers of Martinez.

    G.    Whether Kunarquen, Kunarquen Re, Garamor, and Pier 44 were joint employers of Remines.

    H.    Whether Kunarquen, Kunarquen Re, and Garamor were joint employers of Jackson.

    I.    Whether Defendants can prove good-faith basis for any FLSA violations.

    J.    Whether Defendants acted intentionally or with willful disregard of the FLSA.

  K. Whether Defendants knew or should have known of uncompensated overtime hours.

  L. Whether Gonzalez engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication with Defendant RICARDO GERMAN WALAS while he was outside Florida.

Defendants' Statement

  M. Whether any of the Defendants failed to pay any of the Plaintiffs' full and proper minimum wages as required by the FLSA.

  N. Whether any of the Defendants failed to pay any of the Plaintiffs' full and proper overtime wages as required by the FLSA.

  O. Whether Isidro Gonzalez is an independent contractor not subject to the provisions of the FLSA.

  P. Whether Ralphael Martinez is an independent contractor not subject to the provisions of the FLSA.

  Q. Whether Bryan Remines is an independent contractor not subject to the provisions of the FLSA.

  R. Whether Willie Jackson is an independent contractor not subject to the provisions of the FLSA.

  S. Whether Kunarquen, Kunarquen Re, Philansuly, Las Palmas, Garamor, Pier 44, are a single enterprise under the FLSA.

  T. Whether and how many Defendants operate as a "joint enterprise" with respect to Isidro Gonzalez.

U. Whether and how many Defendants operate as a "joint enterprise" with respect to Ralphael Martinez.

V. Whether and how many Defendants operate as a "joint enterprise" with respect to Bryan Remines.

W. Whether and how many Defendants operate as a "joint enterprise" with respect to Willie Jackson.

X. Whether Ricardo German Walas was Plaintiffs' "employer" as that term is defined by the FLSA.

Y. Whether Defendants can prove good-faith basis for any FLSA violations.

Z. Whether Defendants acted willfully or with reckless disregard of the FLSA.

AA. Whether any Plaintiff had any compensable overtime hours, and if so, whether Defendants knew or should have known of any of the Plaintiffs' proven uncompensated overtime hours.

BB. If one or more Plaintiffs are successful, the number of hours any successful Plaintiff worked for any Defendant for which each Plaintiff claims he was uncompensated or compensated unlawfully under the FLSA.

7. **CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEEMENT**

A. Jurisdiction is proper in this Court.

B. Venue is proper in this Court.

C. The FLSA applies to Defendants Kunarquen, Kunarquen Re, Philansuly, Las Palmas, Garamor, and Pier 44.

D. In 2019, the minimum wage in Florida was $8.46 per hour.

E. In 2020, the minimum wage in Florida was $8.56 per hour.

F.     The Parties agree that attorneys' fees, costs, and liquidated damages shall not be referenced at trial, as such would only be considered by the Court post-trial.

8. **CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN TO BE DETERMINED[1]**

A.     Whether the FLSA applies to Defendants because of an alleged lack of employees engaged in commerce or in the production of goods for commerce, and lack of employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

B.     Whether the FLSA applies to Defendants because the Plaintiffs are independent contractors not subject to the provisions of the FLSA.

C.     If the FLSA is found to apply, whether Plaintiffs are entitled to damages for unpaid minimum wages and/or overtime compensation as required by the FLSA, and if so, by which Defendant or Defendants.

D.     If the FLSA is found to apply, whether Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

E.     Whether Gonzalez engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication with Defendant RICARDO GERMAN WALAS while he was outside Florida.

9. **EXHIBIT LISTS**

Plaintiffs' trial exhibit list is attached as Exhibit A.

Defendants' trial exhibit is attached as Exhibit B.

10. **WITNESS LISTS**

---

[1] To the extent these present mixed issues of law and fact, the parties respectfully request they be treated as such.

    A.     Plaintiffs' Witness List is attached as Exhibit C.

    B.     Defendants' Witness List is attached as Exhibit D.

11. **ESTIMATED TRIAL TIME**

The parties estimate that this case will take approximately 4-5 days. The trial shall be by jury.

12. **ESTIMATE OF MAXIMUM ATTORNEY'S FEES ALLOWABLE**

Pursuant to S. D. Fla. L. R. 16.1(e)(12), Plaintiffs estimate that the maximum amount of attorney's fees properly allowable to Plaintiffs is $80,000. It is possible that Plaintiff's fees will be higher or lower than this amount after trial has concluded.

Dated: November 26, 2021

Respectfully submitted,

| | |
|---|---|
| **Elliot Kozolchyk** | **Daniel R. Levine** |
| Elliot Kozolchyk, Esq. | Daniel R. Levine, Esq. |
| Florida Bar No.: 74791 | Florida Bar No. 0057861 |
| Email: ekoz@kozlawfirm.com | E-Mail: DRL@PBL-Law.com |
| | Alex B.C. Ershock, Esq. |
| | Florida Bar No.: 100220 |
| | Email:  ABE@PBL-Law.com |
| | |
| **KOZ LAW, P.A.** | **PADULA BENNARDO LEVINE LLP** |
| 320 S.E. 9th Street | 3837 NW Boca Raton Blvd., Suite 200 |
| Fort Lauderdale, FL  33316 | Boca Raton, FL 33431 |
| Telephone: (786) 924-9929 | Telephone: (561) 544-8900 |
| Facsimile:  (786) 358-6071 | Facsimile: (561) 544-8999 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |